**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MELISSA NORMAN,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.: 11-00433-KD-C** |
| | ) | |
| **ALORICA, INC.,** | ) | |
| **f/k/a Ryla Teleservices, Inc..,** | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on Plaintiff's Acceptance of Defendant's Offer of Judgment (Doc. 36), Amended Acceptance of Defendant's Offer of Judgment (Doc. 37), Motion for Approval of Plaintiff's Acceptance of Defendant's Offer of Judgment (Doc. 39), Motion for Attorney Fees (Docs. 40, 41); the parties' Joint Motion for Approval of Plaintiff's Acceptance of Defendant's Offer of Judgment (Doc. 42) and the parties Amended Joint Motion for Approval of Acceptance of Offer of Judgment (Doc. 45); and Defendant's Opposition to Plaintiff's Motion for Attorney Fees (Doc. 44).

Upon consideration and for the reasons set forth herein, it is **ORDERED** that the parties' motion for approval of Plaintiff's Acceptance of Defendant's Rule 68 Offer of Judgment as amended (Docs. 36, 37, 39, 42, 45) to include an acceptance of a Rule 68 judgment, is **GRANTED.**   Therefore, the settlement (in the form of a Rule 68 offer and acceptance of judgment) is **APPROVED** as a fair and reasonable resolution of a bona fide dispute over *Fair Labor Standards Act* provisions, and Plaintiff Melissa Norman is due **$150.00** as **straight time wages, $551.25** as **overtime wages** and **$551.25** as **liquidated damages**, for a total of **$1,252.50.**   Additionally, upon consideration and for the reasons set forth herein, it is **ORDERED** that the Plaintiff's Motion for Attorney Fees (Docs. 40, 41) is **GRANTED in part**

1

and **DENIED in part** as follows: Plaintiff's counsel is due to be paid the sum of **$14,420.00** as a reasonable attorney's fee plus costs of **$768.65.**

Accordingly, it is **ORDERED** that this matter is **DISMISSED WITH PREJUDICE** per the Rule 68 Offer and Acceptance of Judgment. A Final Judgment shall issue contemporaneously with this Order by separate document.

## I.    Background

Plaintiff Melissa Norman ("Plaintiff") initiated this action against Defendant Alorica, Inc. ("Defendant") for violations of the *Fair Labor Standards Act of 1938*, as amended, 29 U.S.C. § 201 *et seq.,* ("the FLSA") alleging two (2) causes of action against the Defendant for: 1) willful, knowledgeable and intentional violation of the FLSA's overtime, straight time and record keeping requirements entitling her to back overtime and straight pay for three (3) years from the date of the filing of this action plus liquidated damages; and 2) breach of an express and implied contract of employment entitling her to compensation in conformity with her employment contracts.  (Docs. 1, 24).   Plaintiff sought relief including compensatory damages, statutory liquidated damages, attorney's fees, equitable relief, costs and expenses.

The parties have jointly submitted the following background as the agreed upon factual record in this case.  (Doc. 45).  Plaintiff was employed as a customer service representative for the Defendant.  (Docs. 1, 24; 45-1).  Plaintiff alleged that she performed productive work for the benefit of the Defendant before and after her shifts and during her breaks.  (Id.)  Plaintiff claimed that the Defendant failed to pay her for straight time and overtime wages and to keep accurate records in violation of the FLSA.  (Id.) Plaintiff specified that she worked off the clock while employed with the Defendant at different times throughout the day (before her shift, during her

2

lunch break and after her shift).  (Id.)  During the relevant time period, the Plaintiff's regular hourly rate of pay was $10.00.  (Id.)  However, Plaintiff claims that the Defendant failed to pay her for any of her off-the-clock work.  (Id.)  The Defendant denied these allegations.  (Docs. 8, 25).  Plaintiff's claims are based on her allegation that she had 45 minutes of uncompensated work each day. Plaintiff's interrogatory responses contain a detailed explanation of this unpaid time.  (Doc. 45-1).  Plaintiff's counsel initially calculated all of Plaintiff's unpaid wages at the applicable overtime rate of $15.00 per hour.  (Doc. 45-2).  After the initial calculation was made, the Defendant produced earning statements and time records in discovery.  Based on a review of those records, Plaintiff's counsel determined that a portion of the Plaintiff's unpaid wages were properly calculated at her regular hourly rate.[1]  Plaintiff's counsel revised the calculation of Plaintiff's damages, with the revised damages totaling $1,252.50, including statutory liquidated damages. Plaintiff's counsel made a settlement offer which included the full amount of Plaintiff's unpaid wages plus statutory liquidated damages according to the revised calculation. (Doc. 45-3).  Defendant made a counter-offer, which Plaintiff declined.  Thereafter, the parties achieved a settlement via a Rule 68 offer of judgment and acceptance of same.  (Docs. 36, 36-1, 37, 39, 42, 45).  The parties were ordered to supplement the filings so that the Court may determine whether the settlement is a fair and reasonable resolution of a bone fide dispute of the FLSA claims, as well as to file a motion for attorney's fees.  (Doc. 38).  The parties jointly supplemented their filings, and Plaintiff moved for attorney's fees and costs.  (Docs. 39, 40).

---

[1] In the revised calculation, Plaintiff's counsel included unpaid wages at the overtime rate for workweeks with hours worked over 40, and at the regular rate for workweeks with hours worked under 40. Plaintiff's Complaint also included a claim for unpaid straight time on a state law breach of contract theory.

Pursuant to the parties' Rule 68 offer and acceptance – the settlement -- Plaintiff will receive **$1,252.50,** which is the full amount of her unpaid wages and statutory liquidated damages based on her counsel's most recent computation of her damages. Thus, the parties agree and propose that while this case constituted a bona fide dispute over FLSA provisions, Plaintiff has received the full amount that she is due and her wage claim was <u>not</u> compromised.

Plaintiff's counsel seeks **$29,574.90** in attorney's fees ($28,482.50) and expenses ($1,092.40). (Docs. 40, 40-1). Defendant disputes the amount of reasonable attorneys' fees and costs owed and filed an opposition thereto. (Doc. 44).

II. <u>Discussion</u>

A. <u>The FLSA</u>

This is an FLSA case and the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA in order to approve the settlement.[2] As such, the Court previously ordered the parties to file a Joint Motion to Approve the FLSA Settlement attaching the settlement agreement. (Doc. 38). The parties have since filed several pleadings requesting approval of the settlement and asserting that there is no settlement agreement as the settlement was reached pursuant to a Rule 68 offer (and acceptance) of judgment. Nevertheless, the Court must still determine whether the settlement is a fair and reasonable resolution of the dispute in light of the facts of the case.[3] Notably, although the motion is brought under Rule 68, pursuant to <u>Lynn's Food Stores, Inc. v. United States of America</u>, 679 F.2d 1350 (11th Cir.

---

[2] <u>See, e.g.</u>, <u>Silva v. Miller</u>, 307 Fed. Appx. 349 (11th Cir. 2009); <u>Lynn's Food Store, Inc. v. United States</u>, 679 F.2d 1350, 1354-1355 (11th Cir. 1982).

[3] <u>See, e.g.</u>, *Robert L. Dunagan v. ABBC, Inc.,* CV 11-280-KD-C (Docs. 22, 28); *Jimmy Salter v. Carlous L. King, et al.,* CV 11-464-KD-M (Docs. 10, 11).

1982), judicial review and approval of this settlement is still necessary to give it final and binding effect.  See, e.g., Arencibia v. Miami Shoes, Inc., 113 F.3d 1212 (11th Cir. 1997) (discussing FLSA settlements in the context of Rule 68 offers of judgment); Baxter v. Automated Gate Sys., Inc., 2010 WL 3730900, *2 (M.D. Fla. Sept. 2, 2010) (same); Delgado v. Excel One, Inc., 2009 WL 1456452, *1 (M.D. Fla. May 22, 2009) (same); Urshan v. Orlando Utilities Comm'n, 2009 WL 2392060, *2 (M.D. Fla. Apr. 20, 2009) (same).

The parties report that they have not compromised this case. Specifically, the parties agree and propose to the Court that while this case constituted a bona fide dispute over FLSA provisions, Plaintiff has received the full amount that she is due and her wage claim was thus not compromised.  (Doc. 45 at 3).  Therefore, the Court approves the Rule 68 offer and acceptance of judgment as a fair and reasonable resolution of Plaintiff's claims and her FLSA dispute such that she is due to be paid **$1,252.50** (the full amount of her unpaid straight time wages ($150.00) and overtime wages ($551.25) plus $551.25 as liquidated damages).

### B.    Attorney's Fees & Costs

The FLSA requires that in any action to enforce Section 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  The FLSA "requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  Silva, 307 Fed. Appx. at 351.  In order to determine the reasonableness of the attorney's fees requested, the Court employs the lodestar analysis: the number of hours reasonably expended multiplied by a reasonable hourly rate for

similar legal services.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  "Adjustments to that fee then may be made as necessary in the particular case."  Blum v. Stenson, 465 U.S. 886, 888 (1984).  Redundant, excessive, or otherwise unnecessary hours should not be included in the calculation of hours reasonably expended.  Hensley, 461 U.S. at 434.  Even when a party prevails, the district court still must determine whether time was reasonably expended, and if it was not, that time should be excluded from the fee calculation.  Id.  While the "lodestar" method effectively replaced the balancing test previously prescribed by Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974), the 12 Johnson factors[4] "might still be considered in terms of their influence on the lodestar amount."  Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292 (11th Cir. 1988).  The plaintiff bears the burden of documenting and proving reasonable hours expended and reasonable hourly rates.  ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).  The plaintiff must also supply detailed evidence of the hourly rates and time expended so that this Court may properly assess the time claimed for each activity.  Id.  "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut."  Bivins v. Wrap it Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).

The primary basis for Plaintiff's entitlement to attorney's fees and costs is Defendant's

---

[4]  The factors are as follows: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; 12) awards in similar cases. Johnson, 488 F.2d at 717-719.

Rule 68 offer of judgment and Plaintiff's acceptance of same.  (Doc. 40 at 2).  Concerning

attorney's fees, in the Rule 68 offer, Defendant expressly offered for Plaintiff to take judgment

on specified terms including the full amount of her wages and liquidated damages "plus

reasonable attorney's fees incurred by Plaintiff prior to the date of this offer as determined by the

Court."  (Doc. 37-1).  Plaintiff timely accepted the Rule 68 offer and filed the acceptance with

the Court.  Thus, pursuant to Rule 68 and the express terms of the accepted Rule 68 offer of

judgment which Plaintiff accepted, Plaintiff is only entitled to an award of reasonable attorney's

fees incurred *prior* to date of the Rule 68 offer (July 31, 2012), or incurred as of July 30, 2012.

(Docs. 36-1; 37-1). As to costs, the Rule 68 offer does not include costs.  (Id.)

As additional grounds for recovery of fees and costs, Plaintiff contends that once the

Court approves the settlement and enters a judgment against Defendant on Plaintiff's FLSA

claims, such will accomplish the necessary change in the legal relationship of the parties to serve

as the basis for a court-awarded attorney's fee under 29 U.S.C. § 216(b) with Plaintiff as the

"prevailing party."   From there, Plaintiff asserts that her prevailing party status entitles her

counsel to fees and costs (citing Kraeger v. Soloman & Flanagan, P.A., 775 F.2d 1541, 1542

(11th Cir. 1985) (finding that an award of attorney's fees and costs to a prevailing plaintiff is

mandatory in an FLSA case) and Shelfton v. Ervin, 830 F.2d 182, 184 (11th Cir. 1987) (same)).

The provision for an award of fees to a prevailing plaintiff under the FLSA is not based on a

finding of defendant's fault, but, rather, on the Congressional determination that such a provision

was needed to make plaintiffs whole, and particularly where recoveries were likely to be small,

remains important to attract competent counsel for claims seeking relatively small damages.

Wolff v. Royal American Mgt., Inc., 2012 WL 5303665, *3 (S.D. Ala. Oct. 25, 2012).  However,

"an entitlement to attorney's fees cannot be a carte blanche license for Plaintiffs to outrageously and in bad faith run up attorney fees without any threat of sanction." Id.

Specifically, Plaintiff's counsel seeks **$29,574.90** in attorney's fees and costs (**$28,482.50** in fees for **130.8 hours** of work by four (4) attorneys, as well as **$1,092.40** in expenses), incurred from May 31, 2011 through September 14, 2012 (beyond the July 30, 2012 cut off date of the Rule 68 offer).  (Docs. 40, 40-1).  In the supplemental information regarding attorney's fees and costs, Plaintiff's counsel applied the guidelines from Johnson v. Georgia Highway Express, 488 F.3d 714 (5th Cir. 1974) and analyzed the 12 factors from Johnson as well as submitted the documentation in support of same (including an affidavit from Plaintiff's counsel, affidavits from local attorneys (Richard W. Fuquay and Henry Brewster), information as to each billing individual, and descriptions of the tasks performed and costs incurred, etc.).  (Docs. 40, 41). However, Defendant disputes the amount of attorneys' fees and costs owed and filed an opposition thereto along with the affidavit of William Wasden. (Doc. 44). Defendant contends that attorneys' fees totaling 23 times the award of $1,250.50 reveals that Plaintiff's counsel "substantially overbilled and mismanaged this case." (Doc. 44 at 1).  For a number of specific reasons discussed in its brief, Defendant contends that the amount of time billed is excessive and "padded" and that the costs should not be recoverable at all.  (Doc. 44).  Defendant contends further, that Plaintiff's counsel has run up the fees in this case and failed to use billing judgment.

1. **Attorney's Fees**

The Court has reviewed the supplemental information regarding the matter of attorney's fees and finds as follows.  At the outset, based on the terms of the Rule 68 offer which was accepted, Plaintiff is only entitled to reasonable attorneys' fees incurred as of July 30, 2012.  As

8

such, those portions of Plaintiff's counsel's billing statement (and the fees related to same) which provide for billed time after July 30, 2012 are excluded and not awardable. Nevertheless, Plaintiff's counsel has specifically marked portions of the billing statement as "Non-billable Time Entries" on Pages 17-21 of Doc. 40-2 – portions which include some of this excludable time. As such, due to counsel's designation of this time as "non-billable," the time entries on those pages (dating from June 29, 2011 through September 14, 2012) are also excluded from the attorneys' fees award in this case. With the billing landscape thus narrowed, the Court now turns to the specifics of the fee dispute.

Plaintiff's counsel submits the proposed reasonable hourly rates and hours incurred: $250/hour for B.Ladd, an attorney with 19 years experience, and 90.3 hours of work; $250/hour for M.C.Ladd, an attorney with 14 years experience, and 1.9 hours of work; $150/hour for S.Vitello, an attorney with less than one (1) year of experience, and 21.0 hours of work; and $100-$150/hour for S.Booth[5] an "attorney/paralegal" with four (4) years of experience, and 17.60 hours of work.

a.      **Reasonable Hourly Rate**

As the party requesting fees, Plaintiff has the burden of supplying the Court with specific and detailed evidence from which the Court can determine the reasonable hourly rate for the work performed by its attorneys and paralegals. Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (citing Norman, 836 F.2d at 1303). The Eleventh Circuit has instructed that a reasonable hourly rate is "the prevailing market rate in the relevant legal

_____

[5] Plaintiff's counsel represents that Ms. Booth is an attorney who worked as a legal secretary for five (5) years before entering law school. (Doc. 40 at 5 at note 4).

community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. In this case, the relevant legal community is Mobile, Alabama. See Barnes, 168 F.3d at 437 (providing that "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." (citation omitted)).

Plaintiff's counsel seeks recovery of the following hourly rates: $250/hour for B.Ladd; $250/hour for M.C.Ladd; $150/hour for S.Vitello; and $100-150/hour for S.Booth.[6]  Plaintiff's counsel does not indicate which attorneys are partners or associates but instead provides the years of experience for each: B.Ladd, an attorney with 19 years experience; M.C.Ladd, an attorney with 14 years experience; S.Vitello, an attorney with less than one (1) year of experience; and S. Booth, an attorney with four (4) years of experience.  The Court recently determined $250/hour to be a reasonable rate for an attorney with 15 years of experience. See Vision Bank v. Anderson, No. 10-0372-KD-M, 2011 WL 2142786, at *3 (S.D. Ala. May 31, 2011). See also Mitchell Co., Inc. v. Campus, 2009 WL. 2567889, *1 and *17-18 (S.D. Ala. Aug. 18, 2009) (finding that a reasonable hourly rate for an attorney with 12 years of experience was $225/hour).  As such, the hourly rates for B.Ladd ($250/hour) and M.C. Ladd ($250/hour) will be awarded as requested, as the rates are found to be reasonable.

As for the two (2) other attorneys, S.Vitello and S.Booth, with less than one (1) and four (4) years experience respectively, the undersigned and other judges in the Southern District of Alabama have found $150/hour to be reasonable for attorneys with a few years of practice. See,

---

[6] In the motion, Plaintiff's counsel explains that Ms. Booth is an attorney who also worked as a legal secretary for approximately five (5) years prior to entering law school.  (Doc. 40 at 5 at note 4).

e.g., Gulf Coast Asphalt Co., L.L.C v. Chevron U.S.A., Inc., 2011 WL 612737, *4 (S.D. Ala. Feb. 11, 2011) (finding $145/hour to be a reasonable rate for second-year associate); Adams v. Austal, U.S.A., L.L.C., 2010 WL 2496396, *6 (S.D. Ala. June 16, 2010) (finding $150/hour to be a reasonable rate for third-year associate).  Upon consideration, the Court finds that these two (2) attorneys shall be awarded the hourly rate of $150/hour, which is found to be reasonable.

      **b.**      **Recoverable Time – Reasonable Hours Expended**

Plaintiff seeks recovery of **130.8 billable hours.**  (Doc. 40 at 4).  In determining whether the number of hours expended are reasonable, the Court should not include any hours which are "excessive, redundant, or otherwise unnecessary." Norman, 836 F.2d at 1301. When awarding an attorney's fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." Barnes, 168 F.3d at 428. The Court will not permit a party to recover fees for hours that are excessive, redundant, or unnecessary, i.e., hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Norman, 836 F.2d at 1301 (emphasis omitted). The Court's review of the record reveals that the number of hours requested are not fully supported and moreover, have been miscalculated.

While there is no *per se* rule of proportionality, City of Riverside v. Rivera, 477 U.S. 561, 574 (1986), the Supreme Court has made clear that such could still be considered a factor in determining the reasonableness of a fee request.  "The amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded under § 1988.... It is, however, only one of many factors that a court should consider in calculating an award of attorney's fees."

11

Id. (citation omitted).  See also Wolff, 2012 WL 5303665, *4-5.  "[I]n light of the disparity between what [P]laintiff claimed and what her attorneys now seek for obtaining the recovery, there is potential for the fee award to become a windfall for [P]laintiff's counsel. FLSA suits are not meant to become a cottage industry divorced from the benefits they provide, and the fees should not shade over from fair play into a punitive measure against defendants who challenge a plaintiff's overtime claim in good faith. The court considers these factors in determining the reduction to be applied to the fees requested in this action."  Id. at 5.  See also e.g., Goss v. Killian Oaks House of Learning, 248 F. Supp. 2d 1162, 1168 (S.D. Fla. 2003) (denying a plaintiff's motion for fees as counsel "seem[ed] to have leveraged a small sum as a stepping-stone to a disproportionately large award of attorney's fees" by seeking almost $16,000 for a $315.89 FLSA claim).

At the outset, as noted *supra*, approximately 90 entries have been designated by Plaintiff's counsel as "non-billable time entries" (Doc. 40-2 at 17-21), and so those entries are excluded from the reasonable hours expended calculation.  With the removal of these excluded entries, and based on the Court's calculation of the hours, Plaintiff's counsel's attorney's fees motion encompasses the requested recovery of a total of **130.80 hours**, as follows: 90.3 hours for B.Ladd at the rate of $250/hour; 1.9 hours for M.Ladd at the rate of $250/hour; 21 hours for S.Vitello at the rate of $150/hour; and 17.60 hours for S.Booth at the rate of $150/hour.  With the 130.80 hours total in mind, the Court turns to the specific entries with which Defendant takes issue (apart from the issue that Plaintiff's counsel's fee request is 23 times the award).

The Court's review of the billing statement and the time entries indicate that some entries appear to have been overstated and that a number of the Defendant's objections are meritorious.

12

First, as to the time billed to draft pleadings, Plaintiff's counsel seeks more than 30 hours for the drafting of only four (4) documents. Second, as to the time billed for discovery, Plaintiff's counsel seeks 40 hours for time spent on discovery which consisted of only one (1) set of interrogatories, one (1) set of document production and Plaintiff's deposition (3.5 hours). Third, Plaintiff's counsel spent more than 12 hours on basic legal research regarding the FLSA and S.Vitello conducted almost 7 additional hours on same.  Fourth, Defendant contends that the time billed by Plaintiff's counsel for internal/external communication including communications with a "John Spencer" should not be awarded as "Spencer" has no relation to this case and the time entries for interoffice conferences, memos, e-mails, telephone calls and the like should not be part of the award. Fifth, Plaintiff's counsel billed 4 hours for office work and administrative tasks including "receipt of documents" and "organizing files," to which Defendant objects. Attorney time expended for receiving and reviewing court papers has been found to be unnecessary or excessive.  See, e.g., Williams v. R.W. Cannon, Inc., 657 F. Supp. 2d 1302, 1310 (S.D. Fla. 2009). Sixth, Plaintiff's counsel billed 12 hours for preparing a motion for summary judgment that was never filed and thus, contends that this time is not recoverable.  Seventh, Plaintiff's counsel's billing includes more than 6 hours for administrative tasks not traditionally performed by attorneys (updating files, organizing pleadings, etc.) and Defendant contends that such entries should be excluded.  Eighth, Defendant takes issue with the over 8 hours of time Plaintiff's counsel has billed to track unrelated litigation, asserting that such research is irrelevant and improper for an award.  Ninth, Defendant contends that the time Plaintiff's counsel billed for its unsuccessful and frivolous state law breach of contract claim is not recoverable.

In light of the foregoing entries with which Defendant objects, Defendant's proposed

13

solution is for the Court to reduce the total number of hours requested to only 28 hours, as Plaintiff has failed to meet her burden of establishing the reasonableness of the hours (and thus fees) sought.  See, e.g., Padurjan v. Aventura Limousine & Transp. Serv., Inc., 441 Fed. Appx. 684, 687 (11ᵗʰ Cir. 2011) (finding that the district court did not err when it reduced the hours expended by 50% across the board). When a district court finds the number of hours claimed is unreasonably high – which is indicated here – the court has two (2) choices: conduct an hour-by-hour analysis or reduce the requested hours with an across-the-board cut.  Wolff, 2012 WL 5303665, *5.  Given the significant dispute surrounding the hours billed (highlighting some billing oddities on the part of Plaintiff's counsel) and the amount of fees sought in relation to Plaintiff's recovery, the Court finds that an across-the-board cut is proper under the circumstances of this case – albeit not a reduction to a recovery of only 28 hours at a $200/hour rate (for $5,600 as recoverable fees) as proposed by Defendant.  Id.  See also Western Sur. Co. v. Bradford Elec. Co., Inc., 483 F. Supp. 2d 1114, 1121 (N.D. Ala. 2007) (noting that hours spent on clerical work is not recoverable and time billed must not be excessive, redundant or otherwise unnecessary).  Rather, the Court finds that the number of hours billed (**130.80**) by each billing attorney are due to be **reduced 50%** such that **$14,420.00 in attorney's fees shall be awarded** as follows**: 45.15 hours** for B.Ladd at the rate of $250/hour **($11,287.50); 0.95 hours** for M.C.Ladd at the rate of $250/hour **($237.50);** 8.80 hours for S.Booth at the rate of $150/hour **($1,320.00);** and **10.5 hours** for S.Vitello at the rate of $150/hour **($1,575.00).**

    2.    <u>Costs</u>

As to costs, the Rule 68 offer does <u>not</u> include costs as part of the settlement.  (Doc. 36-1).  Plaintiff claims entitlement to costs per <u>Marek v. Chesney</u>, 473 U.S. 1, 6 (1985) (providing

that Rule 68 requires the court to award costs where accepted offer of judgment is silent as to costs). Specifically Plaintiff requests **$1,092.40** in costs incurred from August 8, 2011 through September 14, 2012 including recovery for a process serving fee, court filing fee, pacer and other filing fees, mileage, deposition transcript, 14 months of Westlaw research ($10/month) and photocopies. (Doc. 40-2 at 22). Defendant disputes the recovery of any costs as they were not part of the Rule 68 offer of judgment which Plaintiff accepted, adding, however, that if the Court permits the recovery of costs, that they should be significantly reduced.

The FLSA provides for "a reasonable attorney's fee to be paid by the defendant, and costs of the action" (29 U.S.C. § 216(b)). The Eleventh Circuit has stated that if the Rule 68 offer is silent as to costs and does not specifically exclude same, the court should award appropriate costs "then accrued" in addition to the amount of the offer. See, e.g., Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op, Inc., 298 F.3d 1238, 1241-1242 (11th Cir. 2002); Arencibia v. Miami Shoes, Inc., 113 F.3d 1212, 1214 (11th Cir. 1997). As such, Plaintiff's counsel is entitled to costs as determined by this Court in its discretion as reasonable and recoverable – costs accrued as of July 30, 2012 (the date of the Rule 68 offer). This determination necessarily excludes the $140.00 for the $10/month charge for Westlaw which was not billed until July 31, 2012 and which is not chargeable in the manner presented,[7] as well as the $183.75 in photocopies which was not billed until September 14, 2012.

---

[7] See, e.g., Wolff v. Royal American Mgmt., Inc., 2012 WL 5303665, *9 (S.D. Ala. Oct. 25, 2012) (providing that while Westlaw monthly charges of $10/month are chargeable when incurred for a particular case but in the instant case, where no extra charge was incurred for activity *on this particular case*, the charge is instead "a thinly-veiled attempt to make an expense of an item of law firm overhead. Counsel could just as easily apportion the costs of subscriptions to case reporters or other law books, or utility bills and staff salaries in the same manner they apportioned monthly fixed-rated charges for 'Westlaw[]'"). Such rationale applies to this case.

Accordingly, Plaintiff's counsel is entitled to costs incurred from August 8, 2011 through June 29, 2012, for a total of **$768.65.**  (Doc. 40-2 at 22).

**DONE** and **ORDERED** this the **7**[th] day of **November 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

16